UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Weldon Eugene Holtzclaw, Jr., </br></br>　　　　　　　　　　Plaintiff, </br></br>　　v. </br></br>City of Greer, City of Greer Police Department, City of Greer Municipal Court, Unknown Deputy 1st Arriving, Police Officer #2 Arriving, Police Officer #3 Arriving, Mr. Mulholland, *Municipal Court Judge*, </br></br>　　　　　　　　　　Defendants. | No. 6:24-cv-4026-DCC-BM </br></br> **REPORT AND RECOMMENDATION** |

Plaintiff, proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. ECF Nos. 1; 10. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. For the reasons below, the undersigned concludes that this action is subject to summary dismissal.

## **BACKGROUND**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF Nos. 1; 1-1. The undersigned reviewed the pro se Complaint and, by Order dated July 23, 2024, notified Plaintiff that this action was subject to summary dismissal for the reasons identified in the Court's Order. ECF No. 8. The Court, however, noted that Plaintiff might be able to cure the deficiencies of his Complaint and granted Plaintiff twenty-one days to amend the Complaint. *Id.* at 7. Plaintiff was specifically warned as follows:

1

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal without further leave to amend.

*Id.* at 8 (emphasis omitted). Plaintiff filed an Amended Complaint on August 5, 2024. ECF No. 10  As explained below, Plaintiff's Amended Complaint fails to cure the deficiencies of his original Complaint. Out of an abundance of caution, the Court will consider the allegations from both the original Complaint and the Amended Complaint in its review of this action.[1]

Plaintiff makes the following pertinent allegations in his original Complaint. ECF No. 1. Plaintiff contends he brings this action pursuant to the Court's federal question jurisdiction for violations of his civil rights. ECF No. 1 at 3. In the original Complaint, Plaintiff named a single Defendant, the City of Greer. *Id.* at 4. The crux of this action is Plaintiff's contention that he was arrested in his bank lobby while reading the South Carolina State Constitution. *Id.* at 5. He was then transported to the Greer Memorial Hospital and treated, although he does not indicate what that treatment was. *Id.*

Plaintiff further alleges as follows in an attachment to the original Complaint. ECF No. 1-1. He contends that, "[d]ue to a[] poor decision on the part of a Greenville Family Court Judge," his funds were unlawfully placed under seizure on April 8, 2024. *Id.* at 1. By May 2024, Plaintiff

---

[1] The undersigned notes that, ordinarily, an amended complaint replaces all prior complaints and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). However, to give Plaintiff the benefit of all doubt and construe his pleadings liberally, the Court considers both filings together.

had exhausted his ability to pay his bills and buy groceries. *Id.* He alerted his bank of his intention to sit in the lobby peacefully until his funds were released. *Id.* Plaintiff studied the law, including his constitutional rights and the rules governing the Federal Reserve and FDIC. *Id.* Plaintiff went to his bank, sat in the lobby, and started reading. *Id.* Plaintiff's banker informed him that he could not stay in the lobby. *Id.* Eventually, she alerted bank leadership and the Greer City Police. *Id.* Plaintiff asked the responding police officer to read the laws, but that officer informed Plaintiff he was there to enforce the law. *Id.* The officer then called his supervisor. *Id.* The officer informed Plaintiff he would be arrested if he did not leave. *Id.* Plaintiff responded that he would leave after the bank cut a check for all of his funds. *Id.* Plaintiff was then placed under arrest and taken into custody. *Id.* He asked to call his attorney several times but was never allowed to make a phone call. *Id.* Plaintiff then began to have "medical distress" and was transported to a hospital. *Id.* His blood pressure was 200/100 and he was "tested for several hours [and] kept in shackles, walked to and from the bathroom as a common criminal, and never offered food due to the officer telling staff that [he] could only have food offered by the jail." *Id.* He was eventually provided water. *Id.* After several hours, the attending doctor said the "hospital had done all they knew, conformed with [Plaintiff's] former attorney [his] story and then unbelievably discharged [him] back to jail with [his] BP still extremely elevated." *Id.*

After being taken to jail, Plaintiff appeared before a City of Greer Judge. *Id.* at 2. Plaintiff contends this judge "has no authority as an employee of a private corporation to order me to do anything." *Id.* Plaintiff sent a group email to several state and federal organizations and copied his banker, whom he had been ordered by the judge to not have contact with. *Id.* On June 10, police officers from Greenville County showed up at his home. *Id.* He was informed that the City of Greer asked them to arrest him. *Id.* He asked for a warrant, but they did not have one. *Id.*

3

Plaintiff appeared before Judge Mulholland who refused to show Plaintiff the warrant. *Id.* Judge Mulholland stated he signed the warrant for "failure to comply" and sentenced Plaintiff to two nights in the Greenville County Detention Center. *Id.*

Plaintiff makes the following allegations in his Amended Complaint. ECF No. 10. First, Plaintiff adds several new Defendants including those listed in the caption above. *See also, id.* at 1–3. In an attachment to the Amended Complaint, Plaintiff also identifies several other entities and individuals that he contends should be Defendants, including the City of Greer Administrator, the City of Greer Assistant Administrator, the County of Greenville "and all deputies involved in [his] second arrest, Greenville County EMS and attending paramedics, Greer Memorial Hospital, United Community Bank "and all involved employees," and "Padget and Turner Law firm and its representatives involved." ECF No. 10-1 at 5.

Plaintiff asserts in his Amended Complaint that the following rights under the United States Constitution have been violated: the First, Fourth, Fifth, Sixth, Seventh, and Eighth Amendments. ECF No. 10 at 4. However, he does not explain or provide any allegations as to how these rights were violated. Plaintiff further asserts he has been subjected to a "complete violation of the S.C. Constitution." *Id.* Specifically, he asserts:

> In my opinion, as I read the S.C. Constitution, especially Article VII section 8, a city incorporated only has lawful authority to install water and sewer. This one thing would turn S.C. upside down if observed.

*Id.* Plaintiff makes similar allegations in the Amended Complaint to those he made in the original Complaint. For example, he alleges that Judge Marsh Robertson issued an unlawful seizure of his funds by the bank manager and that the bank manager called the police after Plaintiff sat in the bank lobby peacefully. *Id.* at 5. He alleges he went to the bank and asked for a cashiers check to

4

be cut and for all of his accounts to be closed. *Id*. He was then arrested for waiting in the lobby. *Id*.

For his injuries, Plaintiff contends that, while being held in the Greer City Police Department, he began to feel as though his head was going to cause him to pass out from pain and his blood pressure was elevated. *Id*. at 6. He was transported by EMS to Greer Memorial Hospital where he "found [his] treatment to be very cruel and unusual." *Id*. Plaintiff was charged with criminal trespass, which he contends "is not allowed under the S.C. Constitution on first offense." *Id*. For his relief, he requests actual and punitive damages. *Id*.

The Court takes judicial notice that Plaintiff has been charged in the Greer Municipal Court with trespassing/entering premises after warning or refusing to leave on request at case number 20241130121180. *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (last visited July 22, 2024) (search by case number listed above); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se pleadings.[2] Significantly, Plaintiff's pleadings are "subject to review pursuant to the

---

[2] Authority in this District instructs that pre-screening under 28 U.S.C. § 1915 is inapplicable in pro se, non-prisoner, fee-paid cases. *See, e.g., Bardes v. Magera,* No. 2:08-cv-487-PMD-RSC, 2008 WL 2627134, at *8–10 (D.S.C. June 25, 2008) (finding § 1915(e)(2) is inapplicable to actions that are not pursued in forma pauperis) (citing *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999)); *Key v. United States Dep't of Transp.,* No. 2:01-cv-3076-DCN (D.S.C. Dec. 7, 2001) (finding that a pro se non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies

5

inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous." *Myers v. McKnight*, No. 2:10-cv-3259-RMG-RSC (collecting cases), 2011 WL 221867, at *1 (D.S.C. Jan. 5, 2011), *Report and Recommendation adopted by* 2011 WL 219847 (D.S.C. Jan. 24, 2011).

Because Plaintiff is a pro se litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

---

to the case). Accordingly, the Court is not conducting a review pursuant to 28 U.S.C. § 1915(e)(2) or § 1915A because Plaintiff has paid the full filing fee, *see* Receipt No. 6000010061 (D.S.C. July 19, 2024), and he does not appear to be presently incarcerated. Nevertheless, "even though the full filing fee has been paid, the *pro se* and non-prisoner [Plaintiff's] claims are also subject to an initial *sua sponte* review by the Court pursuant to the Court's inherent authority to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous." *Mills v. Greenville Cnty.*, 586 F. Supp. 2d 480, 487 (D.S.C. 2008).

Although the Court must liberally construe the pro se pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## DISCUSSION

Plaintiff's pleadings are filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The pleadings filed in this case are subject to dismissal for the reasons below.

**Defendants are entitled to dismissal**

First, Plaintiff has failed to name a proper Defendant amenable to suit under § 1983. Plaintiff appears to identify numerous entities and individuals that he intends to sue in this action. However, all of the Defendants are entitled to dismissal as they are either immune from suit, are not state actors, or are not proper parties to a § 1983 lawsuit.

Critically, Plaintiff has not properly identified some Defendants (listing their identities as "unknown") and also fails to allege facts of personal involvement against most, if not all, of the Defendants he has identified. "In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights . . . Consequently, [defendants] must have had personal knowledge of and involvement in the alleged deprivation of [plaintiff]'s rights in order to be liable." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation marks omitted). Plaintiff makes no allegations about the direct, personal involvement of any named Defendant in the events underlying his claims (except for Judge Mulholland). Instead, Plaintiff merely names Defendants (some of whose identities are "unknown") in the caption, and then makes only general, vague allegations about the injuries he allegedly suffered. However, "such general allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim."[3] *Tracey v. Nelson*, No. 1:12-cv-1614-JMC-SVH, 2012 WL 4583107, at *2 (D.S.C.

---

[3] Even if Plaintiff had properly identified the officers involved in his arrests, he has failed to set forth cognizable claims against any police officers causing his arrests. Critically, he has failed to allege facts showing he was arrested without probable cause. *See, e.g., Reinhold v. Tisdale*, No. 8:06-cv-3311-MBS, 2008 WL 2952354, at *5 (D.S.C. July 28, 2008) ("Allegations that an arrest violates state law does not state a claim unless there was no probable cause for the arrest.").

Aug. 31, 2012), *Report and Recommendation adopted by* 2012 WL 4588205 (D.S.C. Oct. 1, 2012). Because Plaintiff makes no factual allegations in the Complaint of personal involvement against the named Defendants, they are entitled to summary dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Cir. Ct. of City of Hampton*, No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).

Next, certain Defendants are also immune from suit. For example, Plaintiff names "Mr. Mulholland" who is identified as a municipal court judge. He also refers to Judge Marsh Robertson. Judges Mulholland and Robertson have absolute judicial immunity from a § 1983 action and should be dismissed from this case. It is well settled that judges have absolute immunity from damages claims arising out of their judicial actions, unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that, even if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or non-judicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Absolute immunity is "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511,

526 (1985) (emphasis in original). Here, Plaintiff has failed to allege facts showing that any actions by the judges identified by Plaintiff acted in a non-judicial manner. Thus, because all of the alleged misconduct of these judges arose out of their judicial actions, judicial immunity squarely applies and should bar this lawsuit against them.

Further, Plaintiff appears to name certain individuals or entities that are not state actors (such as Greer Memorial Hospital, United Community Bank, and "Padget and Turner Law firm"). As noted, to state a § 1983 claim, Plaintiff must allege that he was deprived of a constitutional right by a person acting under the color of state law. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). However, these Defendants are private entities or individuals, and Plaintiff has not alleged facts showing that they are state actors. With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 or the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983). The "under-color-of-state-law element of § 1983," like the Fourteenth Amendment's "state action" requirement, "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation omitted); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (holding that § 1983's requirement that a defendant act under "color of law" is treated as the equivalent to the Fourteenth Amendment's "state action" requirement). In distinguishing between state action and private action,

> the judicial obligation is not only to preserve an area of individual freedom by limiting the reach of federal law and avoid the imposition of responsibility on a State for conduct it could not control, but also to assure that constitutional standards are invoked when it can be said that the State is responsible for the specific conduct of which the plaintiff complains.

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (cleaned up). State action may be found to exist "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (internal quotation marks omitted). Here, even liberally construed, the pleadings "include[] no facts that establish such a 'close nexus' between [the private Defendants'] challenged actions and the state" such that their actions "may be 'fairly treated' as those of the state itself." *Perry v. Chattem, Inc.*, No. 7:08-cv-00106, 2008 WL 983428, at *4 (W.D. Va. Apr. 9, 2008) (citation omitted); *see also Palmore v. Wal-Mart*, No. 9:08-cv-2484-GRA-BM, 2009 WL 1457136, at *3 (D.S.C. May 22, 2009) ("In order to be a proper party defendant in a § 1983 action, the defendant must be, or step into the role of, a public actor."), *aff'd*, 332 F. App'x 863 (4th Cir. 2009). Because Plaintiff has not alleged facts showing that these Defendants were state actors or that they were a willful participant in joint action with any state official, Plaintiff's claims against them are not proper in this § 1983 action.

Next, certain Defendants are subject to dismissal to the extent that Plaintiff's claims against them are based on supervisory liability because the doctrine of respondeat superior is generally not applicable in § 1983 actions. *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). For a supervisory official to be held liable for constitutional injuries inflicted by his subordinates, certain criteria must be established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). Specifically, a plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) and deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the

11

particular constitutional injury suffered by the plaintiff. *Carter*, 164 F.3d at 221. Here, the pleadings contain no plausible allegations against any supervisory Defendants to demonstrate that they were aware of, or deliberately indifferent to, any risk of constitutional injury to Plaintiff. As such, Plaintiff has failed to allege facts against Defendants to state a claim for relief because the pleadings have not alleged facts showing their personal involvement in any constitutional violation or that they are subject to supervisory liability.

Certain Defendants are entitled to summary dismissal on the additional basis that they are not "persons" subject to suit under 1983. It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001). Certain Defendants (such as the Greer City Police Department or City of Greer Municipal Court) are a group of individuals, a facility, or building and, as such, are not subject to suit because it cannot be sued as a "person" in a § 1983 lawsuit. *See e.g., Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *Morrison v. Greenville Cnty. Det. Ctr.*, No. 4:17-cv-2657-JMC-TER, 2017 WL 7732598, at *3 (D.S.C. Oct. 10, 2017), *Report and Recommendation adopted by* 2018 WL 936383 (D.S.C. Feb. 16, 2018). Departments and buildings are not considered legal entities subject to suit. *See Harden*, 27 F. App'x at 178 (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building—the detention center—is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1132 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because it was not a "person" under the statute).

Finally, Plaintiff has identified certain municipal Defendants, such as the City of Greer and County of Greenville. Where the named defendant in an action is a municipality, the Supreme Court has held that "Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978) (emphasis in original). However, the Supreme Court imposed a substantial limitation on this liability: municipal governments may be sued only for their own unconstitutional or illegal policies. *Id.* at 690–91. Municipalities may not be sued for the acts of their employees. *Id.* The Supreme Court stated:

> [T]he language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.

*Id.* at 691 (emphasis in original). As such, although municipalities and other local government units are "persons" subject to liability for § 1983, even assuming Defendant is a municipal entity that can be sued under § 1983, Plaintiff has made no allegations of a policy or custom. *See Weatherspoon v. Greer City Police Dep't*, No. 9:08-cv-2075-PMD-GCK, 2008 WL 3834061, at *3 (D.S.C. Aug. 14, 2008). A local governmental entity—such as the City of Greer or Greenville County—cannot be held vicariously liable for the unconstitutional acts of its employees and is only liable under § 1983 if it causes a deprivation of constitutional rights through an official policy or custom. *See Monell,* 436 U.S. at 690–91; *Gold v. St. Matthews Police Dep't,* No. 3:07-cv-1501-HMH-JRM, 2007 WL 2110475, at *3 (D.S.C. July 17, 2007) (dismissing the plaintiff's complaint in part because his allegations "against the Defendant St. Matthews Police Department fail to name

a policy or establish a custom by the Police Department that deprives Plaintiff of a federal right"). Because there are no allegations of policy or custom, and nothing in the pleadings indicate Plaintiff was harmed pursuant to a policy or custom, this action is subject to dismissal.

### Plaintiff's claims are frivolous

Next, Plaintiff's claims as presented are patently frivolous.[4] For example, Plaintiff contends, in his original Complaint, that he was taken before a City of Greer Judge but this judge "has no authority as an employee of a private corporation to order me to do anything." ECF No. 1-1 at 2. Similarly, in his Amended Complaint, Plaintiff alleges that "a city incorporated only has lawful authority to install water and sewer," and cannot issue or enforce other laws. ECF No. 10 at 4. Such allegations, frequently espoused by individuals associated with the sovereign citizen theory, are routinely dismissed as frivolous. "This Court may take judicial notice that Plaintiff's conclusory statement that the state court is a 'private corporation' is simply wrong." *Bey v. S.C. Berkeley 9th Jud. Ct.*, No. 2:17-cv-3248-RMG-MGB, 2018 WL 1135382, at *3 (D.S.C. Feb. 7, 2018); *South Carolina v. Ali*, No. 1:12-cv-2629-TLW-PJG, 2012 WL 6765732, at *1 (D.S.C. Dec. 4, 2012) (dismissing claims as frivolous where "[t]he defendant apparently [did] not recognize the authority of the municipal government of Burnettown, characterizing it as a 'private corporation'"), *Report and Recommendation adopted by* 2013 WL 57715 (D.S.C. Jan. 4, 2013).

---

[4] Plaintiff also makes vague reference to the adequacy of medical care he received. *See, e.g.*, ECF No. 10 at 6 (alleging he was transported to Greer Memorial Hospital, but "found [his] treatment to be very cruel and unusual"). Such allegations could be construed as asserting a claim for deliberate indifference to a serious medical need. However, Plaintiff has failed to present any allegations whatsoever to support such a claim and has failed to identify any state actor responsible for such a deprivation of his civil rights.

**CONCLUSION**

Consequently, for the reasons stated above, this action should be dismissed without issuance and service of process and without further leave to amend.[5]

**IT IS SO RECOMMENDED**.

s/Bristow Marchant<br>United States Magistrate Judge

August 7, 2024
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[5] Because Plaintiff has already had an opportunity to amend his pleadings to correct the deficiencies in his original Complaint, the undersigned recommends that the Court dismiss this action without further leave to amend. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015); *Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. June 4, 2018) (explaining that, where the district court has already afforded a plaintiff with the opportunity to amend, the district court, in its discretion, can either afford plaintiff an additional opportunity to file an amended complaint or dismiss the complaint with prejudice).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).